SARAH C. MENEAR, BY E. B. ROGERS, GRDN., v. AETNA LIFE INS. CO. OF HARTFORD, CONN.

1. EVIDENCE OF WAIVER OF CONDITION OF POLICY INADMISSIBLE ON PLEADING AVERRING DEFINITE PERFORMANCE OF ALL CONDITIONS.

An allegation that conditions of a life policy were definitely performed on a designated date and an allegation that a condition as to proofs of death was subsequently waived are inconsistent; and, in the absence

of express allegations in, or any inference deducible from, the petition excusing nonperformance thereof, evidence on the question of waiver is incompetent and inadmissible.

**2. REQUIREMENTS THAT PROOF OF DEATH OF INSURED BE MADE IN WRITING, DECEASED IDENTIFIED AS INSURED, EXISTENCE OF BENEFICIARY ARE REASONABLE.**

Conditions in a policy of life insurance requiring proof of death to be made in writing, identification of deceased as insured and proof that beneficiary is living are reasonable requirements.

**3. NOTICE OF DEFECT IN PROOF OF DEATH NOT REQUIRED IF REPEATED NOTICES ARE GIVEN THAT NO PROOFS THAT DEATH ARE FILED.**

Notice of defect in proof of death is not necessary if repeated notices have been given by the insurance company that no proof of death has been filed with it.

ERROR to Hamilton common pleas court.

**Andrews, Harlan & Andrews,** for plaintiff in error:

Failure to file proofs of death. *Harnden* v. *Insurance Co.* 164 Mass. 382 [41 N. E. Rep. 658; 49 Am. St. Rep. 467]; *Travelers' Ins. Co.* v. *Edwards,* 122 U. S. 457 [7 Sup. Ct. Rep. 1249; 30 L. Ed. 1178]; *Bowen* v. *Life Association,* 63 Conn. 460 [27 Atl. Rep. 1059]; *Taylor* v. *Insurance Co.* 79 Mass. (13 Gray) 434; *Kingsley* v. *Insurance Co.* 62 Mass. (8 Cush.) 393.

Defective proofs of death and notice. *Welsh* v. *Assurance Corporation,* 151 Pa. St. 607 [25 Atl. Rep. 142; 31 Am. St. Rep. 786]; *Gould* v. *Insurance Co.* 134 Pa. St. 570 [19 Atl. Rep. 793; 19 Am. St. Rep. 717]; *Globe Ins. Co.* v. *Boyle,* 21 Ohio St. 119.

Identity of beneficiary. *Sperry* v. *Tebbs,* 10 Dec. Re. 318 (20 Bull. 181); *Friend* v. *Thompson,* Wri. 636; *Hazzard* v. *Nottingham,* Tapp. 160; *Brotton* v. *Allston,* 2 Dec. Re. 393 (2 W. L. M. 588); *Gates* v. *Beckwith,* 2 Dec. Re. 394 (2 W. L. M. 589).

Unsatisfactoriness of proofs. *Travelers' Ins. Co.* v. *Sheppard,* 85 Ga. 751 [12 S. E. Rep. 18]; *Welsh* v. *Assurance Corporation,* 151 Pa. St. 607 [25 Atl. Rep. 142; 31 Am. St. Rep. 786]; *Gould* v. *Insurance Co.* 134 Pa. St. 570 [19 Atl. Rep. 793; 19 Am. St. Rep. 717]; *Globe Ins. Co.* v. *Boyle,* 21 Ohio St. 119.

Waiver of proofs. *Dun* v. *Insurance Co.* 10 Dec. 667 (8 N. P. 612); 29 Am. & Eng. Enc. 1092; *Providence Washington Ins. Co.* v. *Wolf,* 168 Ind. 960 [80 N. E. Rep. 26; 120 Am. St. Rep. 395]; *Mutual Life Ins. Co.* v. *French,* 30 Ohio St. 240 [27 Am. Rep. 443]; *Okey* v. *Insurance Co.* 29 Mo. App. 105; *American Express Co.* v. *Express Co.* 7 Dec. Re. 51 (1 Bull. 85).

Transmitting proof of death to the company. *Dun* v. *Insurance Co.* 10 Dec. 667 (8 N. P. 612); *Germania Fire Ins. Co.* v. *Stewart,* 13 Ind. App. 627 [42 N. E. Rep. 286]; *North Brittish & M. Ins. Co.* v.

*Crutchfield,* 108 Ind. 518 [9 N. E. Rep. 458]; *Harnden v. Insurance Co.* 164 Mass. 382 [41 N. E. Rep. 658; 49 Am. St. Rep. 467]; *Travelers' Ins. Co. v. Edwards,* 122 U. S. 457 |7 Sup. Ct. Rep. 1249; 30 L. Ed. 1178]; *Welsh v. Assurance Corporation,* 151 Pa. St. 607 [25 Atl. Rep. 142; 31 Am. St. Rep. 786]; *Insurance Co. of N. A. v. McLimans,* 28 Neb. 653 [44 N. W. Rep. 991].

Authority to waive. *Travelers' Ins. Co. v. Harvey,* 82 Va. 949 [5 S. E. Rep. 553]; *American Fire Ins. Co. v. Sisk,* 9 Ind. App. 305 [36 N. E. Rep. 659]; *Franklin Fire Ins. Co. v. Ice Co.* 36 Md. 102 [11 Am. Rep. 469]; *Blake v. Insurance Co.* 78 Mass. (12 Gray.) 265; *Rokes v. Insurance Co.* 51 Md. 512 [34 Am. Rep. 323]; *Carson v. Insurance Co.* 43 N. J. Law (14 Vroom) 300 [39 Am. Rep. 584]; *Virginia F. & M. Ins. Co. v. Mica Co.* 102 Va. 429 [46 S. E. Rep. 463; 102 Am. St. Rep. 846]; *Indiana Ins. Co. v. Capehart,* 108 Ind. 270 [8 N. E. Rep. 285]; *Titsworth v. Insurance Co.* 62 Mo. App. 310; *Stevens v. Insurance Co.* 69 Iowa 658 [29 N. W. Rep. 769]; *Berry v. Insurance Co.* 3 Fed. Cas. 288.

Outside of the pleadings. 2 Bates, Pl. & Pr. 1254; *Moody v. Insurance Co.* 52 Ohio St. 12 [38 N. E. Rep. 1011; 26 L. R. A. 313; 49 Am. St. Rep. 699].

Evidence that beneficiary was living. 2 Bates, Pl. & Pr. 1254; *Moody v. Insurance Co.* 52 Ohio St. 12 [38 N. E. Rep. 1011; 26 L. R. A. 313; 49 Am. St. Rep. 699].

Tender. *Jennings v. Mendenhall,* 7 Ohio St. 257; *Fuller v. Pelton,* 16 Ohio 457; *Huntington v. Ziegler,* 2 Ohio St. 10.

**W. K. Maxwell** and **Shotts & Millikin,** for defendant in error.

**GIFFEN, J.**

It is averred in the petition that proofs of death were furnished on March 8, 1906, and that the plaintiff performed every condition required to be performed by the policy; then it is averred that the defendant waived the furnishing of proofs of death. The whole question, therefore, hinges upon whether the proofs of death were furnished on March 8, 1906, or whether they were waived.

The averment in the petition, that the conditions were performed, first definitely performed on March 8, 1906, and then the general averment that all conditions precedent were performed, and the averment that this condition was waived, are wholly inconsistent.

The Supreme Court has decided, in a very late case, *List & Son Co. v. Chase,* 80 Ohio St. 42:

"Waiver of the performance of conditions in a contract by the party in whose favor the conditions are to be performed, is not perform-

ance but must be alleged as an excuse for nonperformance, before proof of such waiver can be received; and in the absence of such an allegation it is error to charge the jury that certain facts appearing in evidence constitute such a waiver.''

There is no averment here, and there is no inference to be drawn from the petition, that there was an excuse for nonperformance, because there is a positive averment that there was a performance.

It is, therefore, manifest that no evidence could be offered on the waiver, because the petition avers there was a performance of this condition, and any error that is complained of with reference to the waiver is of no consequence—the petition averring, or requiring rather, proof of performance of condition precedent—that proofs of death had been furnished.

Many other errors are urged in the petition in error, and some of them perhaps are well taken—especially that one which required the plaintiff to offer proof that she was living, before she could recover. But if from the pleadings and the undisputed facts the court can draw a legal conclusion in accordance with the verdict—the judgment of the court—it is immaterial what errors the court committed in its charge to the jury.

Counsel, however, insist that if not permitted to prove waiver, that there was actual performance of that condition, that the proofs of death were actually made on March 8, 1906; therefore, the policy would have been payable on June 8, 1906.

But in form two of the proof of death, question five required the identification of the deceased to be the person mentioned in the policy.

Proof of death would be of little avail if it did not show the death of the particular party insured. This was not an unreasonable requirement.

Mr. Rogers, who signed this form of the proof of death, was mentioned in the application, which was made a part of the policy, as an intimate friend of the insured; he had paid the premium from time to time, and was therefore particularly qualified to answer this question; yet it was answered, was not even filled out, the number of the policy given or otherwise.

However, it is claimed that Mr. Rogers did answer this question, but by failure of the agent of the company, or of the notary employed by him, that it was not filled out as he had answered it.

Proofs of death were to be made in writing; that was not an unreasonable requirement. Proofs of death were made for the purpose

Menear v. Insurance Co.

of being forwarded to the home office of the company, and it was in compliance with a reasonable requirement on part of the company to furnish that in writing.

Besides, to hold that to be sufficient would be to hold that the agent representing the company had waived this right, and we have already said the pleadings do not warrant proof of waiver of the condition.

The proofs of death were finally furnished in May, 1907, as required by the company. Mr. Rogers voluntarily did this, and thereby tacitly acknowledged that the proofs of death pretended to be furnished on March 8, 1906, were not sufficient.

Within thirty days after proofs of death were furnished in May, 1907, the company tendered a check for $2,000, which was refused solely upon the ground of not being sufficient, and upon no other ground. The Supreme Court has held that such a tender, although in the form of a check, is sufficient.

The whole difficulty arose from the fact that on April 20, Mr. Rogers informed the company that the beneficiary was incompetent to receive the money and it would be necessary to appoint a guardian.

Counsel in their brief admit that any defect in proofs of death could be taken advantage of by the company, but that they should have reasonable notice.

Well, of course, they were never notified as to the defect in the proofs of death attempted to be made out in March, 1906, but they were notified repeatedly that no proofs of death had been furnished, and still delay continued for fourteen months—until May, 1907.

If they have been deprived of the use of the money, it was wholly on account of their neglect, and not that of the company, who constantly expressed a readiness and willingness to pay the face of the policy— $2,000.

It is, therefore, the opinion of the court that upon the pleadings and undisputed facts, the verdict of the jury was right, and that the judgment of the court of common pleas should be affirmed.

**Swing** and **Smith, JJ.,** concur.